# UNITED STATES DISTRICT COURT
for the

Eastern District of Wisconsin

| | |
|---|---|
| United States of America<br>v.<br>Vachune M. Hubbard<br>DOB: 1/28/1997<br><br>*Defendant(s)* | )<br>)<br>) Case No.<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 7, 2021__ in the county of __Milwaukee__ in the __Eastern__ District of __Wisconsin__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18 U.S.C. § 922(a)(1) and 922(n). | Possession of a firearm by a convicted person and the receipt of a firearm while under indictment for a felony offense. |

This criminal complaint is based on these facts:

See attached Affidavit.

☐ Continued on the attached sheet.

*Complainant's signature*

TFO Rodolfo Ayala, ATF

*Printed name and title*

Sworn via telephone; transmitted via email pursuant to Fed. R. Crim. 4.1

Date: _____

*Judge's signature*

City and state: __Milwaukee, Wisconsin__    Honorable Stephen C. Dries, U.S. Magistrate Judge

*Printed name and title*

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin


CLERK'S OFFICE
A TRUE COPY
Aug 04, 2021
s/ JeremyHeacox
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

| | |
|---|---|
| United States of America<br>v.<br>Vachune M. Hubbard<br>DOB: 1/28/1997<br><br>*Defendant(s)* | )<br>)<br>) Case No. **21-M-442 (SCD)**<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 7, 2021__ in the county of __Milwaukee__ in the __Eastern__ District of __Wisconsin__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18 U.S.C. § 922(a)(1) and 922(n). | Possession of a firearm by a convicted person and the receipt of a firearm while under indictment for a felony offense. |

This criminal complaint is based on these facts:
See attached Affidavit.

☐ Continued on the attached sheet.

_____
*Complainant's signature*

TFO Rodolfo Ayala, ATF
*Printed name and title*

Sworn via telephone; transmitted via email pursuant to Fed. R. Crim. 4.1

Date: __8/4/21__

_____
*Judge's signature*

City and state: __Milwaukee, Wisconsin__     Honorable Stephen C. Dries, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR AN ARREST WARRANT AND A CRIMINAL COMPLAINT

I, Deputized ATF Task Force Officer and MPD Police Officer Rodolfo Ayala, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of a criminal complaint and arrest warrant for Vachune M. HUBBARD (XX/XX/1997),

2. I am a Police Officer for the Milwaukee Police Department and am a state certified law enforcement officer currently assigned to the Milwaukee Police Department's Special Investigations Division-Alcohol, Tobacco, Firearms and Explosives Violent Impact Team and involved in the investigation of narcotics trafficking as well as individuals prohibited from the possession of firearms.

3. Your affiant has worked full-time as a law enforcement officer for the past eighteen (18) years; and your affiant has been a deputized, full time Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives for the past ten (10) years. Your affiant is currently assigned to the Chicago Field Division-Milwaukee field office.

4. Your affiant has received training in the investigation of unlawful possession of firearms and possession of firearms by prohibited persons. Your affiant has been trained regarding firearm offenses and has arrested individuals for firearms related offenses including both federal and state criminal violations. I have also investigated drug trafficking offenses at the state and federal level and have been involved in arresting individuals who violate the State of Wisconsin and/or the federal narcotics laws included in 21 U.S.C. §§ 841 and 846. I have worked with local,

state and federal law enforcement agencies, investigating the possession, use, and trafficking of controlled substances and weapons in the State of Wisconsin.

5. Your affiant has participated in the execution of numerous search warrants in which weapons and/or narcotics were seized. Your affiant is familiar with the different types and calibers of firearms and ammunition commonly possessed for illegal purposes, as well as the methods used to conduct narcotics trafficking.

6. Your affiant is professionally trained in the use of firearms and your affiant has experience working with confidential informants, citizen informants and other sources of information.

7. Your affiant has received training in the investigations of narcotics to include but not limited to possession of a controlled substance, possession of a controlled substance with intent to deliver, and the manufacturing/delivering of a controlled substance. Your affiant has recovered and purchased numerous narcotics to include marijuana, cocaine salt, cocaine rock, heroin, oxycodone, and MDMA.

8. Your affiant worked as an undercover police officer in the City of Milwaukee for over 4 years and made over 100 buys from different drug dealers. Your affiant has conducted over one-hundred interviews of drug dealers and drug users over the course of your affiant's career. Your affiant has been involved in over one hundred investigations where narcotics (marijuana, cocaine, heroin, etc.) were recovered.

9. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

10. Throughout this affidavit, reference will be made to law enforcement. Law enforcement are those federal, state, and local law enforcement officers who have directly participated in this investigation, and with whom your affiant has had regular contact regarding this investigation.

## PROBABLE CAUSE

11. Your affiant is currently investigating Vachune M. HUBBARD's (XX/XX/1997) and others regarding the illegal possession of firearms by prohibited persons. I am providing this affidavit in support of a criminal complaint charging HUBBARD with possession of a firearm by a convicted person, in violation of Title 18, United States Code, Section 922(a)(6), and 922 (n)., the receipt of a firearm and/or ammunition which has traveled in interstate commerce by an individual who is under indictment for a crime punishable for term exceeding a year, in violation of Title 18, United States Code, Section 922(n). Based on the facts set forth in this affidavit, I believe there is probable cause to arrest Vachune M. HUBBARD and to charge him with these criminal violations.

12. Your affiant has reviewed Vachune M. HUBBARD's (XX/XX/1997); criminal record and state court pending cases. That review has revealed that HUBBARD is a convicted felon and that on July 7, 2021 HUBBARD had the felony following pending cases:

| Case Number | Last Date in State Court | Felony charge(s) | County | Maximum Potential Sentence |
|---|---|---|---|---|
| 20CF817 | 04/08/2021 | • Bail Jumping (Felony), Domestic Abuse Assessments, Habitual Criminality Repeater (Missing Court); Wis. Stat. §§946.49(1)(b), 939.50(3)(h), 973.055(1), 939.62(1)(b) | Milwaukee | 6 years for each count of Felony Bail Jumping; and additional four years on each count |

|  |  | • Bail Jumping (Felony), Domestic Abuse Assessments, Habitual Criminality Repeater (No New Crimes); Wis. Stat. §§946.49(1)(b), 939.50(3)(h), 973.055(1), 939.62(1)(b) |  | for the habitual criminality charge |
|---|---|---|---|---|
| 18CF5284 | 06/03/2021 | • Second Degree Recklessly Endangering Safety; Wis. Stat. §§941.30(2);939.50(3)(g)<br>• Attempting to Flee or Elude Officer; Wis. Stat. §§346.04(3);939.50(3)(1) | Milwaukee | 13 years, 6 months |

13. On July 7, 2021 law enforcement was trying to locate a federal fugitive ("the Fugitive "herein) for whom they had a valid arrest warrant issued by Judge Joseph on June 18,2021 from the Eastern District of Wisconsin.

14. During the afternoon hours of July 7, 2021 law enforcement spotted the Fugitive exiting an address located in the vicinity of xxx4 W. Locust Street in the City and County of Milwaukee. Law enforcement immediately noticed that HUBBARD was accompanying the Fugitive and that HUBBARD also came out of the same address. Law enforcement observed that the Fugitive and HUBBARD were heading to the area of 1100 block of West Garfield Avenue. Additional backup was called, and once they arrived, law enforcement was able to apprehend the Fugitive and detained HUBBARD and a third individual who was also with them. The three individuals were ordered to the ground and detained.

15. One of the law enforcement officers, for his safety and that of others, asked HUBBARD if he had anything dangerous on his person. HUBBARD stated that he had a gun in his pocket. HUBBARD then called out to bystanders and asked a female to call his mother. The

4

law enforcement officer asked HUBBARD why his mother should be called, and the defendant stated, in substance, that he was a felon with a gun and that he was going to jail.

16. HUBBARD was handcuffed, and law enforcement recovered a black, Glock, model 27, 40 caliber, Serial #WAE451 semi-automatic pistol on HUBBARD's person. The Glock had an extended removable ammunition magazine loaded with fourteen (14) unfired cartridges and one (1) on unfired cartridge in the chamber. Also found on his person was a cell phone. Law enforcement obtained a search warrant for that cell phone and were able to download it.

17. Your affiant knows that ATF has determined that the firearm was not made in the State of Wisconsin, and therefore had traveled in interstate commerce prior to HUBBARD possessing it and/or receiving it.

18. On Thursday, July 8th, 2021, law enforcement conducted a Mirandized interview of HUBBARD. HUBBARD stated, in substance, that that the previous day, he was helping his friend (the Fugitive) fix his car and that the Fugitive handed the Glock firearm to him and that HUBBARD put it in his pocket. Hubbard also stated that he was a felon and that he had pending cases.

19. Your affiant has determined that HUBBARD had been charged with felony offenses in Milwaukee County Circuit Court in case no. 18CF5284, of Second Degree Recklessly Endangering Safety, a felony, in violation of Wisconsin Statutes Section 941.30(2) and therefore, he was prohibited to receive a firearm while being under indictment for that charge.

20. Your affiant has determined that HUBBARD had been charged with felony offenses in Milwaukee County Circuit Court in case no. 20CF817, of two counts of Bail Jumping, both felonies, in violation of Wisconsin Statutes Section 946.49(1)(b); and both counts subject to Domestic Abuse Assessments under Wisconsin Statutes 973.055(1) and the Habitual Criminality

Repeater under Wisconsin Statutes Section 939.62(1)(b), and therefore, he was prohibited to receive a firearm while being under indictment for that charge.

21. Your affiant has also reviewed records in Milwaukee County case 15CF1333 in which the defendant was convicted of the felony offense of Drive or Operate a Vehicle Without Owner's Consent in violation of Wisconsin statute 943.23(3) on 05/03/2016. Therefore, the defendant was prohibited from possessing a firearm.

22. Your affiant has also reviewed cell phone video which was recorded on the cell phone described above. Your affiant has determined that the video shows HUBBARD in possession of a black handgun which was created on July 6, 2021 at 7:08PM, one day prior to the aforementioned arrest, Moreover, your affiant has determined that the firearm in the video was the same firearm that was recovered from HUBBARD on July 7, 2021 incident to his arrest.

## CONCLUSION

23. Based on the foregoing, I request that a criminal complaint and arrest warrant be issued charging HUBBARD with, in violation of Title 18, United States Code, Sections 922(a)(1), and 922(n).)